Susanne GROFF, Plaintiff,

v.

CHANDRIS, INC. and Ajax Navigation Corporation, Defendants.

No. 91–1524–CIV–MOORE.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 8, 1993.

Andrew L. Waks, Waks & Barnett, Miami, FL, for plaintiff.

Michael R. Karcher, Underwood, Karcher, Karcher & Anderson, Miami, FL, for defendants.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendants Chandris, Inc. and Ajax Navigation Corporation's request that the jury verdict form ask the jury to apportion the amount of the damages, if any, between Plaintiff Susanne Groff, Defendants, and the Grand Cayman Port Authority, a non-party to this lawsuit.[1] In this case, Plaintiff was allegedly injured during an ocean cruise. Groff alleges that during a stop at the Grand Cayman port, Cayman Islands, she fell from a 15–inch drop on the dock that had no handrails or warnings. Plaintiff alleges she was injured due to the dangerous condition and that Defendants had a duty to warn her of that condition.

Recently the Florida Supreme Court decided *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993) and interpreted Florida Statutes § 768.81(3) which reads:

(3) APPORTIONMENT OF DAMAGES.—In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and sever-

---

1. The proposed question reads as follows:

3. If you answered "yes" to Question Two, what proportion or percentage of Plaintiff's damage do you find from a preponderance of the evidence to have been legally caused by the negligence of the respective parties?

The Defendants CHANDRIS, INC. and AJAX NAVIGATION CORPORATION _____%

The Plaintiff SUSANNE GROFF _____%

Grand Cayman Port Authority _____%

al liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect to economic damages against that party on the basis of joint and several liability.

The court in *Fabre* held that "party" is not limited to participants in the lawsuit and that "the only means of determining a party's percentage of fault is to compare that party's percentage of fault to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants." *Fabre*, 623 So.2d at 1185. As a result, Defendants in this case contend that the jury should consider the degree of fault of the non-party Grand Cayman Port Authority.

In the parties' March 17, 1993 Joint Pretrial Stipulation, Plaintiff and Defendant correctly assert that "[t]his matter is controlled by the substantive General Maritime Law of the United States." [2] Federal courts possess jurisdiction over admiralty claims to further the important national interest in establishing a uniform body of maritime law. *Brockington v. Certified Electric, Inc.*, 903 F.2d 1523, 1528 (11th Cir.1990), *cert. denied*, 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991). As a result, the " 'general maritime law' " is drawn from both state and federal sources and is an 'amalgam of traditional common-law rules, modifications of those rules, and newly created rules' which includes a 'body of maritime tort principles.' " *Brockington*, 903 F.2d at 1529 n. 2 (quoting *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 865, 106 S.Ct. 2295, 2299, 90 L.Ed.2d 865 (1986)). Under federal maritime law, plaintiffs may obtain judgment for the full amount from any and all joint tortfeasors under the doctrine of joint and several liability. *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 & n. 7, 99 S.Ct. 2753, 2756, 61 L.Ed.2d 521, *reh'g denied*, 444 U.S. 889, 100 S.Ct. 194, 62 L.Ed.2d 126 (1979); *The "Atlas"*, 93 U.S. 302, 315, 23 L.Ed. 863 (1876); *Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716 (11th Cir.1982), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1774, 76 L.Ed.2d 346 (1983).

In the past, the Fifth Circuit [3] has refused to permit application of a Florida statute when such a law conflicted with federal maritime law. *See Branch v. Schumann*, 445 F.2d 175, 178 (5th Cir.1971) ("[This] supplementation necessarily entails alteration of an admiralty norm in direct contravention of the quest for uniformity".... [W]e fail to see how application of the Florida statute would not impose on the defendant a burden which maritime law does not require.").

Although there do not appear to be any federal cases applying the recent Florida Supreme Court decision in *Fabre* to federal admiralty claims, this Court is guided and persuaded by analogous cases in this Circuit. For example, in *Ebanks v. Great Lakes Dredge & Dock Co.*, plaintiffs were members of the crew of a dredge and barge owned by defendant Great Lakes, their employer. The crewmen were thrown into the water when the barge was overturned by a collision with a tanker; one crew member drowned. The plaintiffs brought suit alleging that Great Lakes had a contractual obligation to follow certain Corps of Engineers safety requirements and brought suit under their employer under the Jones Act, 46 U.S.C. § 688. The

---

**2.** It should also be noted that the pretrial stipulation indicates that there were no issues of law in dispute. Although this stipulation was entered into prior to *Fabre*, Defendants did not raise the issue of asking the jury to assign fault to a non-party until the end of its case and did not file any amendments to the stipulation. Moreover, S.D.Fla.Loc.R. 16.1.G states that "the pretrial stipulation as so modified will control the course of the trial, and may be thereafter amended by the Court only to prevent manifest injustice."

This Court notes, however, that Defendants' March 16, 1993 answer to the amended complaint appears to have preserved their ability to argue that other parties were responsible even if the fault of non-parties should not be included in the jury verdict form. *See* Answer to Amended Complaint ¶ 6 ("the damages of which the Plaintiff complains were caused by the carelessness and negligent [sic], if any, or other misconduct of third persons over whom these Defendants had no control").

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981), the United States Court of Appeals for the Eleventh Circuit adopted as precedent all former Fifth Circuit cases submitted and decided prior to October 1, 1981.

**1410** 

owner of the tanker, Chevron, was not a party to the suit.[4] At the request of Great Lakes, the court asked the jury to make findings as to the degree of liability and causation attributable to Great Lakes and the non-party Chevron. The Court of Appeals for the Eleventh Circuit restated general maritime law principles of joint and several liability under which a plaintiff may obtain judgment for the full amount against any and all joint tortfeasors without regard to percentage of fault. *Ebanks*, 688 F.2d at 718–19. In reversing the district court, the Eleventh Circuit held that it was error to require the jury to allocate fault between the defendant and a non-party. *Id.* at 722. The Court explained that the issue of the non-party's liability should have been determined "at a different time and between two live opponents" rather than by plaintiffs and defendant. *Id.; see also Drake Towing Co. v. Meisner Marine Constr. Co.*, 765 F.2d 1060, 1067 (11th Cir.) (approving and following the analysis in *Ebanks*), *reh'g denied*, 773 F.2d 1239 (11th Cir.1985) (en banc).

██ Accordingly, under existing law in this Circuit, Defendants are not permitted to have the jury determine the percentage of liability or fault of the non-party Grand Cayman Port Authority.

DONE AND ORDERED.

---

4. The plaintiffs settled with Chevron and sued only Great Lakes. Although Great Lakes brought a third-party action against Chevron, the action between plaintiffs and Great Lakes was severed for a separate trial and Chevron was not before the court as a party or by counsel during the trial. *Ebanks*, 688 F.2d at 718.